22044. BALKCOM, Warden v. JACKSON.

ARGUED MAY 14, 1963—DECIDED MAY 29, 1963.

*Eugene Cook, Attorney General, Earl L. Hickman, Howard P. Wallace, Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error.

*Chester E. Wallace,* contra.

ALMAND, Justice. The controlling question for decision is: where a prisoner has served his minimum sentence in prison and while serving his maximum sentence under parole of the State Board of Pardons and Paroles is convicted of a felony in a Federal court and sentenced, and upon his release from Federal custody the State Board of Pardons and Paroles revoked his parole, arrested him and returned him to the State prison to serve his maximum sentence, will the time he served on his Federal sentence be considered and credited as serving his sentence on parole?

The question is raised on the petition of Eddie Jackson for the writ of habeas corpus seeking his release from the custody of the Warden of the Georgia State Prison. On the hearing of the case he was discharged from the custody of the warden.

The undisputed evidence shows that on April 15, 1952, petitioner was sentenced to a term of not less than two years and not more than ten years for the offense of robbery. Upon completion of his minimum sentence on February 24, 1954, he was granted a conditional release and paroled by the State Board of Pardons and Paroles.

On October 11, 1954, he was convicted of bank robbery in the district court of the United States and sentenced to a term of 11 years and one day in a Federal penitentiary. He was released from Federal custody on September 8, 1961, and, on the same day, his conditional release and parole were revoked by the State board, and he was returned to the custody of the respondent warden. Though a warrant was issued by the State board on August 19, 1954, charging Jackson as a parole violator, it was not executed. From September 8, 1961, until January 9, 1963, the day the petition was filed, he has been in the custody of the respondent serving the maximum sentence of eight years.

If the time during which Jackson served his Federal sentence be counted as service of his maximum sentence as a prisoner on parole, it is readily seen that he has fully served his maximum term and was rightfully discharged. Whether or not he was lawfully entitled to credited time as a parolee while serving his Federal sentence is found in the Act of February 5, 1943, as amended, Ga. L. 1943, p. 185; *Code Ann. Ch.* 77-5, creating the State Board of Pardons and Paroles. Section 13, *Code Ann.* § 77-515, of that Act provides that when a prisoner is released on parole he "shall remain in the legal custody of the Board until the expiration of the maximum term specified in his sentence or until he is pardoned by the Board. In the event a parolee violates the terms of his parole, he shall be subject to rearrest. . . ." Section 16 of that Act, *Code Ann.* § 77-518, provides that if any member of the board has reasonable grounds to believe that a parolee has violated the terms and conditions of his parole in a material respect he may issue a warrant for his arrest and the warrant shall command the parolee to be brought before him on the question of why his parole should not be revoked by the board. Section 17, *Code Ann.* § 77-519, provides for hearing before the board, and if the board finds the parolee has violated the

terms and conditions of his parole it *"shall enter an order* thereon rescinding said parole and returning such person to serve the sentence theretofore imposed upon him, *with the benefit of computing the time so served on parole as a part of such person's sentence,* or reinstating such parole, or shall enter such other order as it may deem proper: Provided, however, *when a parolee has been convicted of any crime, whether a felony or a misdemeanor . . . his parole may be revoked without a hearing before the State Board of Pardons and Paroles."* (Emphasis supplied.) It is thus seen that a prisoner cannot be released on parole or have his parole revoked except by order of the State board. Though a warrant be issued for his arrest as a parole violator and the parolee arrested, the service of his sentence continues until the board issues an order of revocation and for his return to prison. The mere fact that Eddie Jackson was in the custody of the Federal authorities for nearly seven years was no bar to the State in revoking his parole. Under the Act of March 5, 1955, Ga. 1955, p. 351; *Code Ann.* § 77-519, Jackson, having been convicted of a felony, could have his parole revoked without a hearing.

We hold that where a prisoner serving his sentence on parole under an order of the State Board of Pardons and Paroles is convicted and sentenced to serve time for another criminal offense, the time he serves on the latter sentence will be computed as time served on the sentence for which he was paroled, until such time as the State board by order revokes his parole. In the instant case the board did not revoke Jackson's parole until he had served his Federal sentence and, he being entitled to credit on his maximum State sentence of the time he served on the Federal sentence and with the time he served in the State prison, the trial judge did not err in discharging him from the custody of respondent.

*Judgment affirmed. All the Justices concur.*